STATE v. D. H. WHITE.

*Witness before Grand Jury—By whom sworn—Inspection of Enrolled Act.*

1. The act of 1879, ch. 12, authorizing the foreman of the grand jury to swear witnesses to be examined before it, does not withdraw the authority from the clerk of the court. *State* v. *Allen*, 83 N. C., 680.

2. In passing upon the matter of exception, the court by inspection of the. enrolled act, in the office of the secretary of state, found that the word "duly," in the printed act, should be read "only."

INDICTMENT for forgery tried at January Term, 1883, of WAKE Superior Court, before *McKoy, J.*

On the arraignment of the defendant, his counsel moved to quash the indictment on the ground that the witnesses, upon whose testimony before the grand jury the bill was found, were sworn before the clerk and not by their foreman, who alone, it was insisted, is authorized under chapter 12 of the acts of 1879, to administer the oath. The motion was refused; the defendant entered a plea of not guilty, was tried and convicted, and appealed from the judgment pronounced.

*Attorney-General,* for the State.
No counsel for defendant.

SMITH, C. J. The only question presented in the record for decision, is the correctness of the ruling upon the preliminary motion to quash.

It appears from an inspection of the enrolled act, in the .office of the secretary of state, that it differs from that contained in the printed acts of 1879, in that, the former uses the word "only," for which the latter substitutes the word "duly." The act is entitled "An act to empower the foreman of grand juries to administer oaths," and section one, corrected, enacts:

"That the foreman of every grand jury only sworn and impaneled in any of the courts of this state, shall have power to administer oaths and affirmations to persons to be examined before it as witnesses," with provisoes not pertinent to the present inquiry.

It is contended that the force and operation of the act are to exclude every other person from the administration of an oath to a witness to be examined before a grand jury, and confine the exercise of the power to its foreman; and that this construction

is rendered necessary by the use of the word "only," in express-ing its meaning. We do not concur in this view.

The title to the act indicates its sole purpose to be, to confer an authority upon the foreman (which he did not before possess) to swear the witnesses, not to withdraw it from any in whom it is vested under existing laws. The sanction of the statute does not, in terms, go beyond the purpose expressed. It simply con-fers the power upon the *foreman alone and no others,* a restric-tion which would exist if the word was not found in the sentence, and which is not enlarged by its presence. The language will admit of an interpretation that excludes all other persons or all other members of the grand jury from participating with the foreman in exercising the authority conferred—a needless limita-tion, yet one that does not take it away from those who already have it. The entire scope of the enactment is to make the fore-man to do a certain act, not to disable any one from doing what, by existing law, he could do; and this is its full extent and force.

It would seem probable that an error was committed in tran-scribing the act into the enrollment, or at some previous period of its progress, which escaped notice and prevented a correction; but however this may be, the word upon which such stress is laid, does not, in our opinion, change the import of the statute, or defeat the manifest intention of the general assembly in making it.

It must be declared that there is no error, and this will be certified to the end that the court proceed to judgment.

No error.                                   Affirmed.